# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| BETTY S. YOUNGBLOOD,<br><br>    Plaintiff,<br><br>-vs-<br><br>CHIME FINANCIAL, INC.,<br><br>    Defendant. | CASE NO. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, BETTY S. YOUNGBLOOD (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, CHIME FINANCIAL, INC. (hereinafter "Chime"), and in support thereof respectfully alleges violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the EFTA.

## JURISDICTION, VENUE, AND PARTIES

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the EFTA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and resident of Hamilton County, Tennessee; the violations described in this Complaint occurred in this District; and Chime transacts business within this District.

5. Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. § 1693a(6).

6. Chime is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Tennessee through its registered agent, VCORP Services, LLC, located at 300 Montvue Road, Knoxville, Tennessee 37919.

7. Chime is a "financial institution" as defined by 15 U.S.C. § 1693a(9). Upon information and belief, Chime is regularly engaged in the business of holding accounts and processing electronic fund transfers initiated by a consumer.

8. Chime processed unauthorized electronic fund transfers from Plaintiff's account.

## FACTUAL ALLEGATIONS

9. Plaintiff has been a victim of identity theft since approximately 2017.

10. On or about March 16, 2018, Plaintiff filed an Identity Theft Report with the Internal Revenue Service.

11. On or about December 21, 2023, Chime processed an unauthorized electronic fund transfer in the amount of $978.00 from Plaintiff's account number ending in x0864 to email recipient, s****v@hotmail.com, transaction ID 4582874004. Plaintiff does not know, nor did she ever authorize a transfer to s****v@hotmail.com.

12. On or about December 21, 2023, Chime processed an electronic fund transfer in the amount of $522.00 from Plaintiff's account number ending in x0864 to email recipient, a********v@outlook.com, transaction ID 4582877805. Plaintiff does not know, nor did she ever authorize a transfer to a********v@outlook.com.

13. The unauthorized transfers were initiated through Chime using Plaintiff's account ending in x0864 without Plaintiff's knowledge or authorization.

14. Immediately upon receiving notice of the unauthorized electronic fund transfers, Plaintiff contacted Chime to dispute the unauthorized transfers, and on or about December 21, 2023, Chime provided dispute claim number 12415374 to Plaintiff via email.

15. On or about December 27, 2023, Plaintiff file a police report with the Chattanooga Police Department regarding the wire fraud, report number 24-021883.

3

Case 1:24-cv-00126-CEA-SKL   Document 1   Filed 03/22/24   Page 3 of 7   PageID #: 3

16. On or about January 4, 2024, Chime advised Plaintiff that it was actively investigating Plaintiff's dispute and a decision will be made by February 18, 2024. Further, Chime advised that a credit in the amount of $1,500 will be applied to Plaintiff's account on January 19, 2024.

17. Sometime later, Plaintiff received a response from Chime advising the investigation was completed, and Chime determined the wire transfers were initiated and authorized by Plaintiff. The credit in the amount of $1,500 was subsequently removed and reversed. Chime failed to conduct a reasonable investigation into the fraud.

18. Despite Plaintiff having filed a police report regarding these fraudulent wire transfers and disputing the unauthorized electronic fund transfers, Chime refused to acknowledge that Plaintiff was defrauded.

19. Due to the actions and/or inactions of Chime, Plaintiff suffered from unnecessary and unwanted stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C § 1693f as to
Defendant, Chime Financial, Inc.**

20. Plaintiff re-alleges and reincorporates paragraphs one (1) through nineteen (19) above as if fully stated herein.

21. Chime violated 15 U.S.C. § 1693f by failing to correct the error or provide a provisional recredit to Plaintiff's account within ten (10) business days of receiving Plaintiff's notice of the error.

22. Chime failed to investigate the error in good faith, and it concluded that Plaintiff had authorized the transactions despite having evidence to the contrary.

23. Chime failed to make a good faith investigation of the alleged unauthorized transactions and errors.

24. Chime did not have a reasonable basis for believing that the electronic funds transfers were not in error. Chime could have done a charge back and attempt to secure the funds back.

25. Chime knowingly and willfully concluded that the electronic funds transfers were not in error when such conclusion could not reasonably have been drawn from the evidence available to Chime at the time of its investigation.

26. Following a detailed review of Plaintiff's dispute and of the Chattanooga Police Report, any reasonable person could have concluded that there were unauthorized electronic fund transfers.

27. As a result of the conduct, action and inaction of Chime, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiff relied on such income for her daily bills.

28. The conduct, action, and inaction of Chime was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1693m and 15 U.S.C. § 1693f(e).

29. Plaintiff is entitled to recover reasonable attorney's fees and costs from Chime in the amount to be determined by the Court pursuant to 15 U.S.C. § 1693m(a)(3).

WHEREFORE, Plaintiff, BETTY S. YOUNGBLOOD, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CHIME FINANCIAL, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

DATED this 22nd day of March 2024.

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000

Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Secondary email:
Lisa@TheConsumerLawyers.com
*Attorney for Plaintiff*